MICHAEL J. AGUIRRE, City Attorney
John H. Serrano, Deputy City Attorney
California State Bar No. 086432

Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendant City of San Diego,

EXEMPT FROM FILING FEES
PURSUANT TO GOV'T CODE § 6103

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TOWER CORPORATION, a Delaware corporation, et al.<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, a California Municipal Corporation,<br><br>Defendant. | Case No. 08cv0435 JM (CAB)<br><br>DEFENDANT CITY OF SAN DIEGO'S ANSWER TO FIRST AMENDED COMPLAINT<br><br>Judge: Honorable Jeffrey Miller<br>Courtroom: 16 |

Defendants City of San Diego hereby answers the First Amended Complaint of Plaintiffs, as follows:

**COMPLAINT'S BRIEF STATEMENT OF THE CASE**

1. Paragraph 1 consists of legal conclusions which require no response. To the extent the paragraph contains other allegations, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies all allegations in their entirety.

2. Paragraph 2 consists of legal conclusions which require no response. To the extent the paragraph contains other allegations, Defendant is without knowledge or information sufficient to admit or deny the allegations and therefore denies all allegations in their entirety.

3. Defendant admits there is an action entitled as set forth pending in this Court but denies each and every other allegation in paragraph 3.

**JURISDICTION AND VENUE**

4. Defendant admits that this Court has jurisdiction over claims arising under the United States Constitution and laws of the United States however Defendant denies and objects to the Court retaining jurisdiction of all other claims under 28 U.S.C. § 1367. Defendant further denies that Plaintiff has standing to bring the claims of preemption under Section 253 of the Telecommunications Act. Defendant denies all other allegations.

5. Defendant admits that venue is proper in this Court.

**PARTIES**

6. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in the paragraph 6.

7. As to paragraph 7, Defendant denies that Plaintiff is a "telecommunication carrier" providing "telecommunication services" defined by the TCA and required under the statutory code. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 7 and therefore denies all allegations in their entirety.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 and therefore denies all allegations in their entirety.

9. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 9 and therefore denies all allegations in their entirety.

10. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 10 and therefore denies all allegations in their entirety.

11. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 11 and therefore denies all allegations in their entirety.

12. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 12 and therefore denies all allegations in their entirety.

13. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 13 and therefore denies all allegations in their entirety save and except that Defendant has at least one facility in Mission Valley which is rented to ATC.

14. City is a municipal entity established by charter pursuant to California Constitution Article XI § 3. The San Diego City Council is established and governed by Article III of the San Diego City Charter and Section 22.0101 et seq. of the San Diego Municipal Code. Development Services Department is authorized and governed by Article V, Section 26 of the San Diego City Charter and Section 22.2401 of the San Diego Municipal Code. Except as otherwise admitted, Defendant denies the allegations in paragraph 14.

## FACTUAL BACKGROUND

### I. ATC'S Conditional Use Permits [CUPS]

15. Defendant is without knowledge or information, given the generality of the pleading, sufficient to admit or deny the allegations regarding predecessors in interest contained in the paragraph 15 and therefore denies all allegations in their entirety.

16. Defendant admits that a copy of a CUP No. 94-0548 issued on October 3, 1995 is attached as exhibit 1 and further that Resolution R-286390 contains certain findings. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 16 and therefore denies all allegations in their entirety.

17. Defendant admits that a copy of a CUP No. 96-0118 issued on September 12, 1998 is attached as exhibit 3 and further that Resolution R-2299-PC contains certain findings. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in the paragraph 17 and therefore denies all allegations in their entirety.

18. Defendant denies the allegations in paragraph 18 and specifically denies that the applications were filed under "protest." ATC has submitted various applications for

conditional use permits related to wireless facilities in various sites and for various lengths of time. The Development Services Department by and through City staff have properly and timely responded to ATC under the existing land development code, the permit streamlining act and other applicable code sections. Defendant has sent a number of letters informing ATC of the status of the applications and the necessity for additional information. ATC has not provided all requested and necessary information to complete the process on several of the applications. Additionally, not all the applications have not completed the administrative procedure and process. Except as otherwise admitted, Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in the paragraph in their entirety save and except that an application for renewal was submitted.

20. Defendant denies the allegations in the paragraph in their entirety save and expcept that an application for a renewal has been submitted as to a Mission Valley facility.

21. Defendant denies the allegations in the paragraph save and except that Defendant did issue project assessment letters.

22. Defendant lacks information upon which to form a belief about the Plaintiff's goals in meeting and about who, if anyone, is plaintiff's predecessor. Based upon such lack of information the Defendant denies the allegations in the paragraph in their entirety.

23. Defendant lacks information upon which to form a belief about the Plaintiff's acquisition and about who, if anyone, is plaintiff's predecessor. Based upon the general absence of information the Defendant denies the allegations in the paragraph in their entirety.

24. Defendant admits that there was a meeting on March 20, 2006 to discuss wireless facilities. In the meeting, Defendant and others discussed design guidelines relating to various types of wireless facilities. ATC again brought up "renewal" of the CUPs. ATC was again informed that Defendant did not have a "renewal" process and was not developing guidelines for this type of process. At all times, ATC was informed that it would have to comply with existing land development codes. Except as otherwise admitted, Defendant denies each and every allegation in paragraph 24.

25. Defendant admits that it denied the Border CUP and the Mission Valley CUP. Further Defendant admits the Plaintiff sought to appeal to the City's Planning Commission and that on February 7, 2008 the purported appeal was denied. Except as expressly admitted, Defendant denies each and every allegation in paragraph 25.

26. Defendant lacks information upon which to form a belief about the Plaintiff's receipt of any envelope with any documents. Based upon such lack of information the Defendant denies the allegations in the paragraph in their entirety. Defendant admits that Karen Lynch-Ashcraft sent a letter and resolution identified as Exhibit 7. This document speaks for itself. Except as otherwise admitted, Defendant denies each and every allegation in paragraph 26.

27. Defendant lacks information upon which to form a belief about the Plaintiff's receipt of any envelope with any documents. Based upon such lack of information the Defendant denies the allegations in the paragraph in their entirety. Defendant admits that Alex Hempton sent a letter and resolution identified as Exhibit 8. This document speaks for itself. Except as otherwise admitted, Defendant denies each and every allegation in paragraph 27.

## II. THE CITY OF SAN DIEGO WIRELESS REGULATIONS

### A. The Land Development Codes

28. Defendant admits that the applications filed by ATC are governed by § 141.0405. To the extent ATC fails to properly and timely pursue the CUP applications, any new applications would be governed by the then existing land development code.

29. The allegations of paragraph 29 consist of legal conclusions that require no response. The cited code sections are the best evidence of what is contained therein.

30. The allegations of paragraph 30 consist of legal conclusions that require no response. The contents of San Diego Municipal Code section 141.0405 speaks for itself and is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 34.

31. The allegations of paragraph 31 consist of legal conclusions that require no response. The contents of San Diego Municipal Code section 141.0405 speaks for itself and

is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 31.

32. The allegations of paragraph 32 consist of legal conclusions that require no response. The contents of San Diego Municipal Code section 141.0405 speaks for itself and is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 32.

33. The allegations of paragraph 33 consist of legal conclusions that require no response. The San Diego Municipal Code section 126.0305 speaks for itself and is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 33.

34. Defendant lacks information upon which to form a belief about the Plaintiff's receipt of any letter from Karen Lynch Ashcraft or Alex Hempton. The City admits that height deviations do require a Planned Development Permit. Except as otherwise admitted, Defendant denies each and every allegation in paragraph 34.

35. The allegations of paragraph 35 consist of legal conclusions that require no response. The San Diego Municipal Code section 143.0401 speaks for itself and is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 35.

36. The San Diego Municipal code section quoted by Plaintiff speaks for itself and is the best evidence of its contents. Except as otherwise admitted, Defendant denies the allegations in this paragraph 36.

37. Defendant admits that Plaintiff has quoted a portion of the Communications Act of 1934. The quoted law speaks for itself and is the best evidence of its contents.

38. The allegations of paragraph 38 consist of legal conclusions that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 38.

///

///

39. The allegations of paragraph 39 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 39.

40. The allegations of paragraph 40 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 40.

41. The allegations of paragraph 41consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 41.

42. The allegations of paragraph 42 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 42.

**B. The Permit Streamlining Act**

43. The allegations of paragraph 43 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 43.

44. The allegations of paragraph 44 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 44.

45. The allegations of paragraph 45 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 45.

46. The allegations of paragraph 46 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 46.

47. The allegations of paragraph 47 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 47.

48. The allegations of paragraph 48 consist of legal quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 48.

**C. Summary of Harm and Facts Requiring Declaratory and Injunctive Relief**

49. Defendant denies the allegations in the paragraph in their entirety.

50. Defendant denies the allegations in the paragraph in their entirety.

**D. Count I**

51. Defendant denies the allegations in the paragraph in their entirety.

52. The allegations of paragraph 52 consist of legal conclusions/quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in the paragraph in their entirety.

54. The allegations of paragraph 54 consist of legal conclusions/quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 54.

**E. Count II**

55. Defendant denies the allegations in the paragraph in their entirety.

56. The allegations of paragraph 56 consist of legal conclusions/quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in the paragraph in their entirety.

58. Defendant denies the allegations in the paragraph in their entirety.

59. Defendant denies the allegations in the paragraph in their entirety.

**F. Count III**

60. Defendant denies the allegations in the paragraph in their entirety.

61. Defendant denies the allegations in the paragraph in their entirety.

62. Defendant denies the allegations in the paragraph in their entirety.

///

63. Defendant denies the allegations in the paragraph in their entirety. Defendant denies the allegations in the paragraph in their entirety.

**G. Count IV**

64. Defendant denies the allegations in the paragraph in their entirety.

65. The allegations of paragraph 65 consist of legal conclusions/quotations that require no response. The cited codes speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in the paragraph in their entirety.

67. Defendant denies the allegations in the paragraph in their entirety.

68. Defendant denies the allegations in the paragraph in their entirety.

69. Defendant denies the allegations in the paragraph in their entirety.

70. Defendant denies the allegations in the paragraph in their entirety.

**H. Count V**

71. Defendant denies the allegations in the paragraph in their entirety.

72. Defendant denies the allegations in the paragraph in their entirety.

73. Defendant denies the allegations in the paragraph in their entirety.

74. Defendant lacks information upon which to form a belief about the Plaintiff's interest and about who, if anyone, will be affected by the denial of any CUP to Plaintiffs. Defendant denies the allegations in the paragraph in their entirety.

75. Defendant denies the allegations in the paragraph in their entirety.

**I. Count VI**

76. Defendant denies the allegations in the paragraph in their entirety.

77. The allegations of paragraph 77 consist of legal conclusions/quotations that require no response. The cited laws speak for themselves and are the best evidence of contents. Except as otherwise admitted, Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in the paragraph in their entirety.

79. Defendant denies the allegations in the paragraph in their entirety.

80. Defendant denies the allegations in the paragraph in their entirety.

81. Defendant denies the allegations in the paragraph in their entirety.

**J. Prayer for Relief**

Defendant denies the entirety of Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Complaint on file herein, Defendant alleges as follows:

**I**

The Complaint, and each and every allegation contained therein, fails to state facts sufficient to constitute a cause of action against each and every Defendant.

**II**

Plaintiff failed to exhaust any and all administrative remedies.

**III**

Plaintiff has failed to exercise ordinary care, caution or prudence for its own welfare, or those it represents, or to avoid the happening of the damages, if any, alleged in the Complaint, and by Plaintiff's failure to do so, it has prejudiced Defendant and directly and proximately caused and contributed (in whole or in part) to the happening of alleged damages, if any.

**IV**

Defendant acted reasonably, in good faith and with proper care at all relevant times.

**V**

The Complaint is barred, in whole or in part, by the doctrines of estoppel and waiver.

**VI**

The Complaint is barred, in whole or in part, by the doctrine of "unclean hands."

**VII**

The Complaint is barred to the extent that Plaintiff has failed to mitigate its alleged damages, if any.

///

///

**VIII**

The Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 342 and/or 343, Government Code sections 901, 945.4, 945.6, 945.8, and other time requirements as set forth in the remaining affirmative defenses.

**IX**

This responding party is not legally responsible for Plaintiff's alleged damages. However, if this responding party is found to be legally responsible, Defendant alleges that such responsibility is not the sole and legal cause of any damages alleged by Plaintiff, and that the damages, if any, awarded to Plaintiff are to be apportioned according to the respective fault and legal responsibility of all parties which contributed to or caused said damages.

**X**

Plaintiffs, and each of them, have not and cannot allege any cognizable injury suffered by them as a result of Defendants' allegedly unlawful conduct.

**XI**

The facts alleged in the Complaint, and each cause of action therein, do not constitute a cause of action against Defendant in that Plaintiff failed to comply with the claims presentation requirements set forth in Government Code sections 905, 906, 910-910.6, 911-911.8, 912.2-912.8, 913, 915, 915.2, 915.4, 926.10, 930.2-930.6, 935-935.4, 945.2, 945.4, 945.6, 945.8, 949, 946.4, 946.6, 950-950.8 and such other sections of said code as may be applicable

**XII**

Defendant is immune from liability for acts or omissions where the act or omission was the result of the exercise of discretion pursuant to Government Code sections 815-815.6.

**XIII**

Defendant is immune from liability for acts or omissions where the act or omission pursuant to Government Code sections 818.2-818.8.

///

**XIV**

Defendant is immune from liability for acts or omissions where the act or omission pursuant to Government Code sections 820.2.

**XV**

Defendant is immune from liability for acts or omissions where the act or omission pursuant to Government Code sections 821.2-821.6 and 822.2.

**XVI**

Defendant is immune from liability for acts or omissions where the act or omission pursuant to Government Code sections 825-825.6.

**XVII**

Defendant is immune from liability for acts or omissions where the act or omission pursuant to Government Code sections 840-840.6.

**XIII**

Plaintiff has no private right of action under 42 U.S.C. § 1983.

**XIX**

The Complaint is barred, in whole or in part, because Plaintiff has failed to request preparation of the administrative record as statutorily required.

**XX**

The Complaint is barred, in whole or in part, because this Court does not have subject matter jurisdiction over state court claims.

**XXI**

The Complaint is barred, in whole or in part, because the claims asserted by Plaintiff are not ripe for review.

**XXII**

Defendant acted on permissible considerations and without intent to discriminate. Thus, the Court should dismiss Plaintiff's constitution claims: under Equal Protection Clause, sounding in substantive due process, sounding in procedural due process, violation of first amendment rights and freedom of speech.

**XXIII**

Plaintiff fails to establish a physical or regulatory taking. Thus, claims for violation of substantive and procedural due process should be dismissed.

**XXIV**

The Complaint is barred, in whole or in part, because Plaintiff(s) lack(s) standing to bring the instant action.

**XXV**

Defendant responds to the Complaint without prejudice or the right to amend pending a request and/or filing of a proper administrative record.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests the following relief:

1. That the action be dismissed with prejudice;
2. That Plaintiffs take nothing by their action;
3. Defendant recover its their costs of suit incurred herein; and
4. The court award such other relief as it deems proper.

Dated: April 1, 2007

MICHAEL J. AGUIRRE, City Attorney

By /s/ John H. Serrano
John H. Serrano
Deputy City Attorney
Attorneys for Defendant City of San Diego.

# DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the following document(s):

- **DEFENDANT CITY OF SAN DIEGO'S ANSWER TO FIRST AMENDED COMPLAINT**

on the individuals listed below in the manner indicated.

## Electronic Mail

I served the following by electronic mail at the e-mail addresses listed below:

**Robert Jystad, Esq.**
rystad@channellawgroup.com

Executed: April 1, 2008, at San Diego, California.

/s/ Ginger Botha
**GINGER BOTHA**
Email:GBotha@sandiego.gov