1  ROBERT JYSTAD (Bar No. 187340)
   JULIAN K. QUATTLEBAUM (Bar No. 214378)
2  JAMIE T. HALL (Bar No. 240183)
3  CHANNEL LAW GROUP, LLP
   100 Oceangate, Suite 1400
4  Long Beach, CA 90802-4323
   Telephone: (310) 209-8515
5  Facsimile: (562) 216-5090

6  Attorneys for Plaintiffs,
7  AMERICAN TOWER CORPORATION,
   TMO CA/NV, LLC AND
8  OMNIPOINT COMMUNICATIONS, INC.

9

10 MICHAEL J. AGUIRRE, City Attorney
   JOHN H. SERRANO, Deputy City Attorney (S.B. #086432)
11 Office of the City Attorney
   1200 Third Avenue, Suite 1100
12 San Diego, CA 92101-4100
   Telephone: (619) 533-5800
13 Facsimile: (619) 533-5856

14
   Attorneys for Defendant,
15 CITY OF SAN DIEGO, CALIFORNIA

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN TOWER CORPORATION, a Delaware corporation; TMO CA/NV, LLC, a Nevada limited liability company; and OMNIPOINT COMMUNICATIONS, INC., a Delaware corporation,<br><br>Plaintiffs,<br>vs.<br><br>THE CITY OF SAN DIEGO, CALIFORNIA, a political subdivision of the State of California,<br><br>Defendant. | Case No. 08cv435 LAB (NLS)<br><br>**JOINT MOTION FOR STAY OF LITIGATION PENDING NINTH CIRCUIT'S *EN BANC* REHEARING OF *SPRINT TELEPHONY PCS, LP,* ET AL. *V. COUNTY OF SAN DIEGO,* ET AL.**<br><br>District Judge:   Hon. Larry A. Burns<br>Courtroom:        9 |

Plaintiffs AMERICAN TOWER CORPORATION, A DELAWARE CORPORATION, TMO CA/NV, LLC, A NEVADA LIMITED LIABILITY COMPANY, AND OMNIPOINT COMMUNICATIONS, INC., A DELAWARE CORPORATION, and Defendant CITY OF SAN DIEGO, CALIFORNIA (individually "Party" and, collectively, the "Parties"), by and through their undersigned attorneys hereby submit this Joint Motion for Stay of Litigation Pending the Ninth Circuit's *En Banc* Rehearing of *Sprint Telephony PCS, LP,* et al. *v. County of San Diego*, et al., 490 F.3d 700 (9th Cir. 2007) (hereinafter "*County of San Diego*").

The Parties' request for a stay of proceedings arises as a result of the Ninth Circuit's Order dated May 14, 2008, which granted the County of San Diego's motion for reconsideration of *County of San Diego* and noted expressly that "The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit" *Sprint Telephony PCS, LP,* et al. *v. County of San Diego*, et al., 2008 U.S. App. LEXIS 10421 (9th Cir., filed May 14, 2008) ("May 14th Order" attached as Exhibit 1).

The Parties agree that the *en banc* ruling in *County of San Diego* will be important to the outcome of key claims in the present litigation and that a decision by the Court that is not based on *County of San Diego* or its progeny, in short order, could be rendered obsolete. The Ninth Circuit has already set June 24, 2008 as the date for oral argument and the parties in that case are presently filing briefs under tight deadlines. Although the Parties cannot predict how quickly the Ninth Circuit is likely to act, the Parties are aware that the Ninth Circuit is operating under a highly expedited time frame and believe that it is likely the *en banc* ruling will be issued within six months.

The Parties also agree that a stay is the fairest course for the Parties and that proceeding in the present case without a stay will result in hardship and inequity to both Parties. First, the Plaintiffs filed their complaint prior to the issuance of the May 14th Order and did not take into

account the impact of an order not to cite *County of San Diego* as precedent. In addition, as a result of the May 14th Order, the Parties are put in the unfair and untenable position of having to speculate regarding the outcome of the *en banc* ruling and to formulate arguments that both avoid reference to a critical line of cases and yet have the possibility of leading the Court to an outcome that is not immediately overturned. This guesswork is not consistent with principles of fairness that should govern the judicial process or the orderly course of justice.

In addition, a brief stay of the litigation in order to allow the Ninth Circuit time to issue its *en banc* ruling will prevent the unnecessary and wasteful use of judicial resources and the Parties' resources which is likely to result if the Parties or the Court guesses wrong about the outcome of the *en banc* decision. Finally, a stay is consistent with the orderly course of justice in that it would simplify the Parties' arguments and the Court's deliberations and will avoid the needless complications of moving the litigation forward under the restrictions of the May 14th Order.

THEREFORE, Plaintiffs and the City stipulate, by and between their respective counsel, as follows:

1. That the Court is authorized to stay this litigation "under the powers to control its own docket and to provide for the prompt and efficient determination of the cases pending before it." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) citing *Levya v. Certified Grocers of California, Ltd.,* 593 f.2d 857, 863-4 (9th Cir. 1979) ("a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case");

2. The Court has issued a similar stay in the related case of *American Tower Corporation* et al. *v. City of San Diego* et al., Case No. 07cv0399-LAB (NLS) (First Amended Complaint filed August 29, 2007) and the Parties will seek a similar stay in the related case of *American Tower*

*Corporation v. City of San Diego* et al., Case No. 08cv0864 LAB (NLS) (filed May 13, 2008); and

3. Subject to the court's approval, from the date of the order on this stipulation to and including the Ninth Circuit's ruling in *Sprint Telephony PCS, LP,* et al. *v. County of San Diego*, et al., 490 F.3d 700 (9th Cir. 2007), all proceedings in this matter shall be stayed;

4. Following issuance of the Ninth Circuit's ruling in this case, the Parties are ordered promptly to file a notice so stating; and

5. The Court's Order Following Early Neutral Evaluation Conference, Setting Rule 26 Compliance, and Notice of Telephonic Case Management Conference, dated May 13, 2008, shall be **VACATED. A**s soon as the Parties file a notice of the Ninth Circuit's *en banc* ruling, they shall call Judge Stormes' chambers to request to set a date for a telephonic status conference.

Respectfully submitted

Dated: July 7, 2008                **CHANNEL LAW GROUP, LLP**


/s Robert Jystad
Robert Jystad

Attorney for Plaintiffs American Tower Corporation, TMO CA/NV, LLC and Omnipoint Communications, Inc.
E-mail: rjystad@channellawgroup.com


Dated: July 7, 2008                **CITY OF SAN DIEGO**


/s John H. Serrano
John H. Serrano

Attorney for Defendant City of San Diego
E-mail: JSerrano@sandiego.gov

**EXHIBIT LIST**

| | |
|---|---|
| 1 | *Sprint Telephony PCS, LP,* et al. *v. County of San Diego*, et al., 2008 U.S. App. LEXIS 10421 (9th Cir., filed May 14, 2008) |
| 2 | Order Staying Proceedings (dated July 2, 2008) |

Channel Law Group, LLP
100 Oceangate, Suite 1400
Long Beach, CA 90802

4

Case No. 08cv435 LAB (NLS)
JOINT MOTION TO STAY LITIGATION

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA  )
                     ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Oceangate, Suite 1400, Long Beach, CA 90802.

On July 7, 2008, I served the attached document described as:

**JOINT MOTION TO STAY LITIGATION PENDING THE NINTH CIRCUIT'S *EN BANC* REHEARING OF *SPRINT TELEPHONY PCS, LP,* ET AL. *V. COUNTY OF SAN DIEGO,* ET AL.**

on the interested parties in this action as follows:

John H. Serrano, Esq.
Deputy City Attorney
Office of the City Attorney
City of San Diego
1200 Third Avenue, Suite 1100
San Diego, CA  92101

I served a true copy of the foregoing document by way of the Court's electronic filing/serving system, file and serve website. Further, I hereby certify that on June 4, 2008, I included opposing counsel in the electronic mail sent to judge's chambers.

I declare under penalty pursuant to the laws of the United States that the above is true and correct.

Executed on July 7, 2008, in Long Beach, California.

/s Robert Jystad

Attorney for Plaintiffs American Tower Corporation, TMO CA/NV, LLC and Omnipoint Communications, Inc.
E-mail: rjystad@channellawgroup.com

5

Case No. 08cv435 LAB (NLS)
JOINT MOTION TO STAY LITIGATION