FILED

2015 AUG 10 PM 1:15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: Th    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE CELL TOWER LITIGATION, | Case Nos.: 07CV399 BEN (WVG); 08CV435 BEN (WVG) **ORDER GRANTING IN PART AND DENYING IN PART ATC'S MOTION TO RETAX COSTS** [Docket No. 382] |
|---|---|

Plaintiffs American Tower Corporation and T-Mobile West Corporation's ("ATC") Motion to Re-Tax Costs is before the Court. (Docket No. 382.) ATC challenges the Clerk's Order Taxing Costs. (Docket No. 381.) Defendant City of San Diego has filed an Opposition and ATC has filed a Reply. (Docket Nos. 383-384.)

The Court need not recount the lengthy history of this litigation as the parties agree that the City is the prevailing party. The Court need only determine if the City is entitled to the costs taxed.

### DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th

Cir.2006). Only those costs enumerated in 28 U.S.C. § 1920 are available under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54.1(b) also identifies in greater detail the types of items in the above categories that it is the custom of the court to allow.

"[T]here is a presumption that the prevailing party will be awarded its taxable costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003)). "The losing party must show why costs should not be awarded." *Save Our Valley*, 335 F.3d at 945. However, numerous district courts have noted that this presumption arises once the prevailing party has established the costs it seeks are taxable, *i.e.* are encompassed by § 1920. *Ancora Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *2 (N.D. Cal. Aug. 26, 2013) (collecting cases).

ATC's challenges certain deposition and copy costs taxed. The Court has considered ATC's challenges and finds the costs are all taxable with one exception.

ATC argues in its Motion that that the City has included copy costs that were not necessarily incurred in the cases in which the City prevailed — 07cv399 and 08cv435. In essence, ATC asserts that the City has included copy costs associated with cases in which ATC was not a party and cases in which ATC was a party but the cases were dismissed by stipulation of the parties with each party to bear its own costs. This would include a

portion of the 07cv399 case because the parties jointly dismissed the claims in that case as to the Federal Boulevard site, one of two sites at issue. In Opposition, the City explains that the copy costs it has included are only those costs associated with ATC, not any other plaintiffs. This addresses one issue — the three jointly dismissed cases in which ATC was not a party. However, this leaves two cases in which ATC was a plaintiff that were dismissed by joint motion and a portion of the 07cv399 case. This presents a problem because copy costs must be "necessarily obtained for use" in the case in which the party prevailed. § 1920(4); Rule 54(d)(1). Because the City has included copy costs associated with cases and claims dismissed by joint motion, the City has included costs it is not entitled to under § 1920.

Although this deficiency does not require exclusion of all the copy costs sought, a reduction is warranted. The Court has considered the records of these cases, the overlapping claims, and the distinctions as to the sites at issue and finds that a ten percent reduction in the copy costs appropriately reduces the copy costs to account for the costs associated with cases and claims in which the City was not a prevailing party. The fees for exemplification and copies are reduced from $93,334.88 to $84,001.39.

The Court otherwise finds the costs taxed by the Clerk taxable and that no other reductions are warranted.

## CONCLUSION

The Court **GRANTS** the Motion to Retax as to costs for exemplification and copies and reduces the taxable amount from $93,334.88 to $84,001.39. The Motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

DATED: 8/10/15

Hon. Roger T. Benitez
United States District Court Judge

3